**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abelardo Chaparro,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Ivan Bartos; and the Attorney General of the State of Arizona,<br><br>　　　　Respondents. | No. CV-03-701 PHX-DGC (CRP)<br><br>**ORDER** |

Abelardo Chaparro is serving a life sentence in state prison for first-degree murder. He commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. #1. On August 25, 2009, United States Magistrate Judge Charles Pyle issued a report and recommendation ("R&R") that the amended petition (Dkt. #5) be denied. Dkt. #68. Petitioner has filed an objection to the R&R. Dkt. #75. A response and reply have been filed. Dkt. ##87, 94. Petitioner also has filed a motion to stay (Dkt. #72), a motion to expand the record (Dkt. #76), and a motion to amend the petition (Dkt. #77). The motions are fully briefed. Dkt. ##79, 81, 83, 84. For reasons that follow, the Court will accept the R&R and deny the petition and motions.

**I.    Background.**

Petitioner and the victim, Reynaldo Martinez, were friends until they had a falling out in early 1995. On May 21, 1996, Petitioner and Martinez encountered each other at a Circle K convenience store in Phoenix. The two exchanged words, and Petitioner then fatally shot Martinez.

Petitioner claimed self-defense at trial based on a history of violence and threatening conduct on the part of Martinez. After two weeks of trial, the jury convicted Petitioner of first-degree murder. He received a life sentence with eligibility for parole after 25 years.

The court of appeals affirmed and the Arizona Supreme Court denied review. Petitioner's collateral attack on the conviction was denied by the trial court after an evidentiary hearing. Appellate review of that decision was denied.

Petitioner commenced this federal action on April 14, 2003 (Dkt. #1), and filed his amended habeas petition on May 21, 2003 (Dkt. #5). The case was stayed until August 2007 to allow Petitioner to further pursue state court relief. *See* Dkt. ##31, 53.

## II. The R&R and Objections.

The amended petition asserts five grounds for relief: (1) ineffective assistance of trial counsel for requesting an improper jury instruction on the use of physical force in self-defense, (2) ineffective assistance of trial counsel for failing to urge admission of testimony under the state of mind hearsay exception, (3) violations of confrontation and due process rights based on admission of a hearsay statement that Petitioner was out to kill Martinez, (4) constitutional violations based on the trial court's failure to sua sponte give a "no duty to retreat" jury instruction, and (5) constitutional violations resulting from police detectives testifying as experts on the effect of gunshots on the human body. Dkt. #5. Judge Pyle found that the ineffective assistance of counsel claims asserted in grounds one and two fail because Petitioner has not established prejudice under *Strickland*. Dkt. #68 at 15-20. Judge Pyle further found that the remaining three grounds are procedurally defaulted because Petitioner did not fairly present his federal claims to the state courts, the time to raise those claims in state court has expired, and Petitioner has not shown cause and prejudice or a miscarriage of justice sufficient to overcome the procedural default. *Id.* at 10-15.

The Court may accept, reject, or modify the findings and recommendations made by the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *Id.*; *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

1 Petitioner makes three specific objections to the R&R. Dkt. #75 at 2-3. The Court will address each objection below. Petitioner does not specifically object to the R&R's findings that ground one is without merit and grounds four and five are procedurally defaulted. The Court will accept the R&R with respect to those findings. *See Reyna-Tapia*, 328 F.3d at 1121 ("[Section 636(b)(1)] makes clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.") (emphasis in original); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (same).

### A. First Specific Objection.

Petitioner objects to Judge Pyle's factual finding that on the day of the shooting, "Petitioner initially drove away and then made a U-turn and confronted the victim." Dkt. #75 at 2 (quoting Dkt. #68 at 3). Petitioner asserts that this finding is not supported by trial evidence and was merely part of the prosecutor's closing argument. *Id.* Respondents note, correctly, that trial evidence supports Judge Pyle's finding. Dkt. #87 at 2.

On the day of the shooting, Petitioner and Martinez encountered each other at a Circle K store. Petitioner was in a car. Martinez was on foot. Witnesses testified at trial that Petitioner drove away from the Circle K – down Van Buren Road – and then made a U-turn and headed back toward the store. *See* Dkt. #87-1 at 98-99, 161-64; Dkt. #88-1 at 187. Petitioner's desire to "confront the victim" reasonably can be construed from this testimony. Judge Pyle recognized that the confrontation was mutual, noting that Petitioner shot the victim "[a]s the victim came toward Petitioner's car[.]" Dkt. #68 at 3. Judge Pyle's finding that Petitioner sought to confront Martinez is not erroneous. Petitioner's first objection to the R&R is without merit.

### B. Second Specific Objection.

In ground three of the amended petition, Petitioner asserts that his rights under the Confrontation Clause of the Sixth Amendment and Due Process Clause of the Fourteenth Amendment were violated by the admission of hearsay evidence. Specifically, Petitioner contends that the trial court improperly admitted into evidence a hearsay statement attributed to Petitioner that "he was looking for [Martinez] because he said he wanted to kill that son

1 of a bitch" (Dkt. #90 at 182). Dkt. #5 at 15.

Petitioner objects to Judge Pyle's conclusion (Dkt. #68 at 11) that Petitioner did not fairly present ground three as a federal constitutional claim to the state courts and those courts did not otherwise review the claim on constitutional grounds. Dkt. #75 at 3. Petitioner notes that on appeal he cited *State v. White*, 168 Ariz. 500 (1991), a state hearsay case that discussed the constitutional right of confrontation. *Id.*

Before seeking federal habeas relief, a state prisoner must "fairly present" his federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). Citation to a state case analyzing a federal constitutional issue may be sufficient to "fairly present" the federal claim to the state court. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

Petitioner, however, cited *White* not in his opening brief (Dkt. #25, Ex. A), but in his reply (Dkt. #90-1 at 126). An issue or claim raised for the first time in a reply brief is deemed waived under Arizona law. *See, e.g.*, *State v. Pena*, 104 P.3d 873, 506 (Ariz. Ct. App. 2005). Moreover, Petitioner cited *White* only in support of his argument that the evidentiary error was not harmless under Arizona law. *See* Dkt. #90-1 at 126. Petitioner's citation to *White* in his reply brief cannot be said to have "fairly presented" a federal constitutional claim to the state courts. His second objection to the R&R is without merit.

**C. Third Specific Objection.**

The day before the shooting, Martinez allegedly asked Juan Leon to tell Petitioner "to watch it because [Martinez] had bought a gun and was going to kill" Petitioner. Dkt. #5 at 10. The trial court found the purported threat to be inadmissible hearsay, and Petitioner's attorney failed to urge its admission on the ground that it was offered only to show Petitioner's state of mind at the time of the shooting. On collateral review, the court of appeals concluded that Petitioner had not established an ineffective assistance counsel claim because he failed to show prejudice under *Strickland*. *Id.*, Ex. 5.

1    Judge Pyle concluded, with respect to ground two of the amended petition (Dkt. #5 at 9-14), that the court of appeals did not unreasonably apply *Strickland*. Dkt. #68 at 20. Judge Pyle found that "Mr. Leon's testimony about the victim's threats against Petitioner and purchase of a gun would have been cumulative as other evidence on those issues had already been presented." *Id.* Petitioner objects to that finding as unsupported by the record. Dkt. #75 at 3.

The decision by the court of appeals on direct review recounts evidence showing that Petitioner had good reason to fear Martinez. Dkt. #5, Ex. 4 at 2. Evidence presented at trial showed that Martinez had threatened Petitioner with an ice pick, rear-ended Petitioner's vehicle as he drove his girlfriend and her children home from the movies, broken the vehicle's windows with a stick in an attempt to goad Petitioner into a fight, and spray painted "Te ando buscando" ("I am looking for you") on the vehicle. *Id.* Later that evening, a brick was thrown through the window of Petitioner's house. *Id.* Respondents identify other trial evidence showing that Petitioner's fear of Martinez was reasonable. Dkt. #87 at 5-6 (citations omitted). Judge Pyle did not err in finding that Mr. Leon's testimony about the victim's threats would have been cumulative.

### D. The General Objection.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant habeas relief unless it concludes that the state's adjudication of the petitioner's claim (1) resulted in a decision that involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1)-(2). The AEDPA is unconstitutional, Petitioner contends, because it improperly dictates how a federal court must decide a case. Dkt. #75 at 3. This argument has been rejected by the Ninth Circuit. *See Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000) (the AEDPA "does not suffer from any Article III constitutional infirmities"); *Crater v. Galaza*, 491 F.3d 1119, 1130 (9th Cir. 2007) (finding AEDPA "constitutionally firm" based upon "the constitutional text, the Supreme Court's interpretation of other statutes

limiting habeas relief, and the Court's longstanding application of the AEDPA"). This Court is bound by the Ninth Circuit's holdings that the AEDPA is constitutional. *See Isabello v. Clark*, No. 1:08-cv-01597-TAG HC, 2008 WL 5070058, at *6 (E.D. Cal. Nov. 26, 2008).

**III.    Petitioner's Motions.**

Dr. William Lewinski is the Director of the Force Science Research Center at Minnesota State University, which conducts research on human performance in lethal force encounters. Dr. Lewinski has prepared a report setting forth his evaluation of the factors involved in Petitioner's shooting of Martinez. Dkt. #75 at 7-14. Dr. Lewinski concludes generally that Petitioner "feared for his life" and "shot to defend himself." *Id.* at 11.

Petitioner contends that Dr. Lewinski's report constitutes "newly discovered evidence" that directly contradicts trial testimony. The state trial court denied Petitioner's successive post-conviction relief motion, finding that Petitioner has not shown that Dr. Lewinski's report "existed before trial and that the evidence could not have been discovered and produced at trial through reasonable diligence." *State v. Chaparro*, CR-1995-005120 (Ariz. Super. Ct. May 6, 2008). Petitioner asserts that he has appealed that decision.

Petitioner has filed a motion to stay this case "so that his claim of newly discovered evidence can be fully exhausted in state court[.]" Dkt. #72. The Court previously has denied a similar motion to stay. *See* Dkt. ##62, 65. The Court will deny the instant motion as well. A stay of habeas proceedings is appropriate only where "the petitioner had good cause for his failure to exhaust [and] his unexhausted claims are potentially meritorious." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner has not shown good cause. Nor has he shown that his "newly discovered evidence" claim has merit. This action is nearly seven years old. The Court will not grant further stays. Petitioner's motion will be denied.

Petitioner has filed a motion to expand the record to include the report of Dr. Lewinski. Dkt. #76. Petitioner claims that the report makes a colorable showing of actual innocence sufficient to satisfy the miscarriage of justice exception to procedural default. *Id.* at 3-4. To establish actual innocence, Petitioner "must show that it is more likely than not that no juror would have convicted him in the light of [Dr. Lewinski's report]."

*Schlup v. Delo*, 513 U.S. 298, 327 (1995). Petitioner asserts that "with the newly discovered evidence provided by Dr. Lewinski's affidavit, it is unlikely that a jury would have convicted him." Dkt. #84 at 2. The Court does not agree.

Evidence presented at trial showed that Petitioner went looking for Martinez on the day of the shooting. Petitioner fired fifteen rounds at Martinez, hitting him eight times including four in his back. While Dr. Lewinski opines that Petitioner "could not have stopped shooting any sooner than he did" (Dkt. #75 at 12), the jury reasonably could have rejected that opinion in favor of the substantial evidence showing Petitioner did not act in self-defense. The miscarriage of justice exception to the procedural bar rule "is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt." *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) (emphasis in original). While Dr. Lewinski's report supports Petitioner's claim of self-defense, it does not fatally undermine the jury's finding of guilt. Petitioner has not met his burden of showing that his trial "'probably resulted in the conviction of one who is actually innocent.'" *Schlup*, 513 U.S. at 327 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). His motion to expand the record will be denied.

Petitioner has filed a motion to amend the petition to include his claim of "newly discovered evidence." Dkt. #77. The proposed amendment would be futile. Petitioner's new "claim" is without merit. It also is time barred under the AEDPA's one-year limitation period. 28 U.S.C. § 2254(d)(1)(A). Petitioner has not shown that the claim relates back to any ground for relief asserted in his original petition.

"Congress enacted the AEDPA to advance the finality of criminal convictions." *Mayle v. Felix*, 545 U.S. 644, 662 (2005). If a claim asserted after the one-year limitation period "could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* The Court will deny the motion to amend petition.

**IT IS ORDERED:**

1. The Magistrate Judge's R&R (Dkt. #68) is **accepted**.

2. Petitioner's amended petition for writ of habeas corpus (Dkt. #5) is **denied**.

3. Petitioner's motion to stay (Dkt. #72), motion to expand the record (Dkt. #76), and motion to amend petition (Dkt. #77) are **denied**.

4. The Clerk is directed to **terminate** this action.

5. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right and the denial of the petition was justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

DATED this 28th day of January, 2010.

_David G. Campbell_
United States District Judge